Henry A. Hudson, J.
The defendants have moved for dismissal of the complaint on the ground that the cause of action stated therein was barred by the Statute of Limitations.
The plaintiff is a foreign corporation engaged in business in the State of Connecticut. The defendants, although it is not so alleged in the complaint, would appear to be, without dispute, residents of the State of New York and to be engaged in the long-haul trucking business therein, as a result of which, on occasion they operate within the State of Connecticut.
On September 10, 1957, the defendant, Moser, was operating a truck bearing New York registration plates and owned by the *723 defendant, Towne, within the State of Connecticut and ydiile parked in a parking lot off the highway and while unattended, the truck, through the alleged negligence of the defendant, Moser, proceeded unattended onto the property of the plaintiff causing damage thereto. Service of the summons and complaint upon the defendants in this action was accomplished by substituted service on February 25, 1960.
The only affidavit submitted on the motion was that of the defendants’ attorney. The only factual information contained in this affidavit, other than the statement that the action is to recover property damage for negligence; that the summons and complaint were served by substituted service; that the accident happened September 10, 1957 at Vernon, Connecticut, was that the action was not commenced in one year as required by the laws of the State of Connecticut and that consequently the cause of action is barred by the Statute of Limitations, as it was not commenced until more than two years after the damage was incurred.
Section 13 of the Civil Practice Act provides as follows: ‘ ‘ Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply.” It is clear therefrom, that the one-year Statute of Limitations for negligence actions in Connecticut, section 8324 of the 1949 revision of the General Statutes of Connecticut would, in the absence of some limitation thereof, bar the plaintiff’s cause of action. Section 8330 of the 1949 revision of the General Statutes of the State of Connecticut provides that the time a party is without the State is to be excluded in computing the statutory limitation period and that the statute, therefore, would be tolled while a party was without the State. The plaintiff has called the court’s attention to section 7779 of the 1949 revision of the General Statutes of Connecticut which plaintiff urges prevented the service by substituted service upon a nonresident motor vehicle operator for the reason that such section only permits such service in causes of action which arise in the operation of motor vehicles upon a public highway, the plaintiff pointing out that this accident happened on private property.
As pointed out above, neither of the parties has presented any factual proof by affidavit as to the residence of the defend *724 ants or as to the presence of the defendants or either of them in the State of Connecticut at any time after September 10, 1957. The papers submitted upon the application for the order of substituted service were not before the court and probably would have presented proof of the residence of the defendants in New York State which fact does not seem to be disputed by the defendants on this motion.
The burden of overcoming the presumption of absence from the State which arises from the nonresidence of a party rests upon that party. (Banister v. Solomon, 126 F. 2d 740;. Rabinovitch v. Auerbach, 200 Misc. 77; 54 C. J. S., Limitation of Actions, § 387, p. 527.)
The authorities seem to hold that in the absence of a clear-cut showing* in the moving* affidavits, that a nonresident has actually been present within a State whose Statute of Limitations would otherwise be tolled because of his absence, such question should not be determined upon conflicting affidavits but instead should await a trial of the action. (Rabinovitch v. Auerbach, supra.)
The defendants, upon this motion, have failed to submit any evidence that they were present in the State of Connecticut at any time between September 10, 1957 and the date of the commencement of this action and consequently the motion to dismiss the complaint, which I presume is made under subdivision 5 of rule 107 of the Rules of Civil Practice, is denied without prejudice to the right of the defendants to set forth in their answer as an affirmative defense, the applicability of the Statute of Limitations.