William T. Cowin, J.
In this action couched in negligence and breach of contract the defendants move for an order dismissing the six causes of action pursuant to CPLR 3211 (subd. [a], pars. 5, 8) and pursuant to 3211 (subd. [a], par. 7) as to the first, second, fifth and sixth causes of action. Plaintiffs cross-move for an order pursuant to subdivision (a) of 3215 CPLR granting judgment for the failure of the defendants to answer or move within the time provided for by subdivision (a) of 3012 CPLR.
As to the plaintiffs’ cross motion, it is undisputed that the complaint was mailed on June 5,1964. It also appears that the defendants mailed the motion papers dated June 26 on the same day. Allowing the defendants the three additional days provided for by subdivision (b) of 2103 CPLR, the limitation of time to initiate the instant motion had not expired and the motion was properly instituted in time. Accordingly the plaintiffs’ cross motion is denied.
Before proceeding to the merits of the respective causes of action, that phase of the defendants’ motion made pursuant to 3211 (subd. [a], par. 8) relating to the claim of lack of jurisdiction of the person of the defendants must be disposed of.
It appears to be undisputed that the plaintiffs are residents of the State of New York and that the defendants are nonresidents. The complaint charges the defendants with entering into a contract with the plaintiff Irving Janklow, the father of plaintiff Donald, in New York to send his son to a camp operated by defendants outside of the State; that the camp fee was paid in *1055 this State and the infant plaintiff was transported from this State to the camp by the defendants. As further alleged in the first cause of action for a breach of an express contract, the defendants represented among other things that the infant plaintiff would be taught horseback riding under the control and supervision of the defendants and that said infant would be kept in a healthy condition and would be returned to his parents at the end of the season in the same condition.
That on August 13, 1959 as a result of the defendants ’ breach of their express agreement, the infant was injured by one of the defendants ’ horses and sustained the injuries complained of.
The action was instituted by serving the summons on the respective defendants outside of the State. It is contended by the defendants that since the complaint shows that no tortious act was committed within the State (CPLR 302, subd. [a], par. 2) the court cannot assume jurisdiction over their persons as the defendants did not “ transact any business within the state ” (302, subd. [a], par. 1) and that the minimal contacts within the State were insufficient to confer jurisdiction.
With this contention the court cannot agree. The section is specific in its terminology. This provision allows the court to exercise personal jurisdiction over a nondomiciliary individual or corporation if he or it transacts any business within the State as distinguished from doing business within the State. (Steele v. De Leeuw, 40 Misc 2d 807; Jump v. Duplex Fending Corp., 41 Misc 2d 950; Greenberg v. R. S. P. Realty Corp., 43 Misc 2d 182.)
Due process is satisfied if a defendant has certain miuimnm contacts within the territory of the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. (International Shoe Co. v. Washington, 326 U. S. 310; McGee v. International Life Ins. Co., 355 U. S. 220, 222.)
The court is satisfied that the plaintiffs have established the minimal contacts between the parties warranting jurisdiction over the defendants. Furthermore, the negotiations and the consummation of the contract having occurred within the State, there can be no question that CPLR 302 (subd. [a], par. 1) is applicable, particularly where the tort action is so closely interwoven with the contract entered into between the parties. (Greenberg v. R. S. P. Realty Corp., supra.) The claim that 302 cannot be retroactive in its effect has been disposed of in prior decisions. (Simonson v. International Bank, 14 N Y 2d 281; Steele v. De Leeuw, supra; Totero v. World Tel. Corp., 41 Misc 2d 594.)
*1056 It becomes apparent judging from the liberal construction of the various aspects of CPLR 302, demonstrated by the above-cited authorities as well as the recent pronouncements of the Appellate Division of the First and Third Departments in Singer v. Walker (21 A D 2d 285) and Feathers v. McLucas (21 A D 2d 558) that the courts of this State intend to retain jurisdiction over such nondomiciliaries wherever possible.
Defendants’ motion to dismiss pursuant to 3211 (subd. [a], par. 5) on the grounds that the Statute of Limitations bars the institution of the action can only be sustained as to the first, second and fourth causes of action. The fourth cause is a derivative action by the father for loss of services and medical expenses, predicated upon the infant’s action for personal injuries. As indicated, the alleged commission of the tort occurred on August 13, 1959 in the State of Pennsylvania. Whether one applies the Statute of Limitations of the Pennsylvania statute (12 Purdon’s Pa. Stats., § 34), of two years or our statute of three years, the cause of action is barred and is not tolled by reason of 208 CPLR. (Francies v. County of Westchester, 3 A D 2d 850.)
The first and second causes of action while pleaded in contract are, nevertheless, predicated upon the negligence of the defendants. Since the defendants’ common-law duty and their express or implied contractual obligations are the same, £ 1 the suit, however labeled, is one in negligence, at least for time limitation purposes ” (emphasis supplied). (Blessington v. McCrory Stores Corp., 305 N. Y. 140, 148; Gautieri v. New Rochelle Hosp. Assn., 4 A D 2d 874, affd. 5 N Y 2d 952; Golia v. Health Ins. Plan, 6 AD 2d 884, affd. 7 N Y 2d 931.)
However, this determination does not apply to the infant’s causes of action for personal injuries, third cause, and fifth and sixth causes in contract. While it is true with respect to the third cause of action that the Pennsylvania Statute of Limitations (12 Purdon’s Pa. Stats., § 34), applies with like force to an infant as well as an adult, 202 CPLR safeguards residents of this State who sustain injuries in other jurisdictions. Though the action may be barred in Pennsylvania, it is not barred in this State in view of the tolling of the statute based upon infancy. (Hughes v. Hinson’s Garage, 9 A D 2d 1014; CPLR 208;Francies v. County of Westchester, supra.)
For the reasons expressed in 208 CPLR and Francies v. County of Westchester (supra), the infant’s causes of action in contract are likewise protected from the Statute of Limitations and the authorities cited by this court which bar the father’s action are not applicable to the infant.
*1057 Accordingly the defendants’ motion is granted as to the first, second and fourth causes of action and denied in all other respects.
Leave is given to the plaintiffs to serve an amended complaint within 20 days after the service of a copy of the order to be entered, herein.
(Reai'gument.)
In this action couched in negligence and breach of contract plaintiffs move to reargue that part of the motion in which the court dismissed the first, second and fourth causes of action on the ground that the Statute of Limitations had run. When the original determination was made by this court the issue of the tolling of the Statute of Limitations was not raised or presented by the parties. The court assumed from a reading of the affidavits that the nonresident defendants had made more than sporadic visits into the State and were amenable to the service of a summons and complaint.
Now for the first time the plaintiffs argue that the Statute of Limitations had been tolled because the nonresident defendants had only made occasional or sporadic visits into the State on intervals unbeknown to the plaintiffs and that the causes of action therefore are not dismissible.
It has been held that periodic or sporadic visits or returns of a defendant to the State do not suspend the tolling of the statute or break the continuity of a defendant’s absence (Connecticut Trust & Safe Deposit Co. v. Wead, 172 N. Y. 497, 499-503; Rabinovitch v. Auerbach, 200 Misc. 77). The applicability of the predecessor of section 19 of the Civil Practice Act was held to apply with equal force to nonresidents. (Olcott v. Tioga R. R. Co., 20 N. Y. 210; National Sur. Co. v. Ruffin, 242 N. Y. 413.)
Whether the defendants can bring themselves within the doctrine applied in Turner v. American Metal Co. (268 App. Div. 239) where the nonresident’s presence and amenability to process in this State was held to prevent the tolling of the statute, cannot be decided on the present affidavits (Isenstein v. Malcomson, 227 App. Div. 66). The burden is on the defendants to overcome the presumption of absence from the State which flows from their nonresidence (Rabinovitch v. Auerbach, supra, and cases therein cited; Wooldridge Bros. v. Towne, 26 Misc 2d 722).
It thus becomes an issue to be tested by the defendants as to whether under the circumstances the Statute of Limitations was tolled or not.
*1058 Accordingly, the motion for reargument is granted and upon reargument the original motion is denied without prejudice to the right of the defendants to set forth in their answer as an affirmative defense the applicability of the Statute of Limitations. Answer to be served within 10 days after service of a copy of the order to be entered herein with notice of entry.