ELEANOR K. McAVOY, as Executrix of ARTHUR T. McAVOY, Deceased, Appellant, *v.* HAL I. YOUNG HARRON, Respondent.

Fourth Department, December 8, 1966.

*Bonney & Nicit* (*J. J. Nicit* of counsel), for appellant.

*Chamberlain, D'Amanda, Bauman, Chatham & Oppenheimer* (*Arthur VD. Chamberlain* of counsel), for respondent.

HENRY, J.   The trial court erred in dismissing plaintiff's complaint on the ground that the action is barred by the six-year Statute of Limitations.   Although the action was not commenced within six years after it accrued, the running of the statute was tolled by defendant's absence from the State.   (Civ. Prac. Act, § 19; CPLR 207.)   He was a nonresident when the action accrued on May 24, 1946 and continued to be such until it was commenced on July 28, 1954.   His absence from the State is implied from his residence without the State, and he had the burden of proving his presence in the State for a sufficient time to bar the action.   (*Mack* v. *Mendels,* 249 N. Y. 356, 359; *Phillips* v. *Lindley,* 112 App. Div. 283, affd. 188 N. Y. 606; *Haimes* v.

*Schonwit,* 268 App. Div. 652, 656; *Helmer* v. *Minot,* 75 Hun 309; *Rabinovitch* v. *Auerbach,* 200 Misc. 77; *Janklow* v. *Williams,* 43 Misc 2d 1053; *Goldberg* v. *Lackshin,* 139 N. Y. S. 943; 2 Carmody-Wait, New York Practice, 2d, § 13:218.) He failed to show that he was present in the State at any time during the years 1948, 1949, 1950, 1952, and 1953. He did show, and the trial court found, that he was a citizen of Canada, spent much time in Bermuda, and that he made three brief visits to the State after 1946. His defense that the action was barred by the statute was not established, and it should have been dismissed.

The record being adequate for a determination of the action on the merits, this court will modify the judgment of the court below, render a final determination of the case (CPLR 5522), and grant the judgment which the court below should have granted. (*Society of N. Y. Hosp.* v. *Burstein,* 22 A D 2d 768; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.04.)

Plaintiff seeks to recover the reasonable value of services rendered for defendant by her testator (McAvoy) from 1928 to 1946. Defendant admits that McAvoy acted as his attorney and performed professional services for him, but alleges payment thereof. Defendant also interposed a counterclaim for an accounting. The trial court properly dismissed the counterclaim and we affirm the first ordering paragraph of the judgment which so provides. The other ordering paragraphs of the judgment, which dismissed plaintiff's complaint, awarded costs to defendant and directed execution, should be reversed and judgment should be granted in favor of plaintiff for the reasonable value of McAvoy's services less payments received by him on account thereof. Plaintiff's expert witness valued such services at $30,000. While his testimony was admissible and should be given due weight it is not conclusive on the court since the court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and in the light of such knowledge and experience the court may form an independent judgment from the facts and evidence before it as to the nature and extent of the services rendered, make an appraisal of such services, and determine the reasonable value thereof. (*Matter of Sebring,* 238 App. Div. 281, 289, 290; 7 C. J. S., Attorney and Client, § 191, subd. [d].)

We find that McAvoy was acting for defendant under powers of attorney in the management of rented real property and in receiving income from trust estates on defendant's behalf. He received and disbursed $186,988.71, $26,286.71 of which was rents collected by him. Such services were similar to services

rendered by trustees and their attorneys in the administration of trust estates. We also find that McAvoy performed other services for defendant in forestalling creditors' actions and preserving defendant's property, and in making trips to New York City and Canada on defendant's behalf. The nature and extent of the services is shown in 594 exhibits, which, with defendant's testimony, show that McAvoy performed substantial services for defendant during each of the 18 years from 1928 to 1946. He drew leases, evicted tenants, worked on automobile accident claims, filed income tax returns, made claims for refunds, drew wills, and assisted defendant in many ways. His services were beneficial to defendant in keeping the real and trust property free from creditors' liens, and in preserving trust assets as well as obtaining income for defendant.

In fixing the reasonable value of the services we have considered the amount received and expended, and the usual amount which would be paid to a fiduciary for commissions and attorney's fees on such an amount. We have also considered the services beyond those which would customarily be performed by a fiduciary or his attorney. We have considered the fact that in the beginning of 1930 defendant paid McAvoy $2,250 for services rendered prior thereto, thereby recognizing the value of the services rendered in 1928 and 1929. On all of the evidence of services rendered and the facts and circumstances, we find that the reasonable value of McAvoy's services rendered on defendant's behalf is $20,000.

We also find that McAvoy received allowances in Surrogate's Court accounting proceedings in the Collins estate, amounting to $4,660 which, with $2,500 paid by defendant and the unexpended balance of $167.79 remaining from moneys collected by McAvoy, should be credited to defendant, leaving a balance due plaintiff of $12,672.21. We conclude that plaintiff is entitled to judgment in that amount, with interest from May 24, 1946.

The judgment insofar as it dismissed the complaint should be reversed and judgment granted accordingly for plaintiff. The judgment insofar as it dismissed the counterclaim should be affirmed. All with costs to appellant.

BASTOW, J. P., GOLDMAN, DEL VECCHIO and MARSH, JJ., concur.

Judgment unanimously modified, on the law and facts in accordance with the opinion and as modified, affirmed, with costs to appellant. Findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.