**ALP FEDERAL CREDIT UNION,**
Appellant,

v.

**Alton ASHBORN, Appellee.**

No. 1135.

Supreme Court of Alaska.

Dec. 7, 1970.

Warren C. Christianson and Roger W. DuBrock, of Christianson & DuBrock, Sitka, for appellant.

William H. Babcock, Sitka, for appellee.

OPINION

Before BONEY, C. J., DIMOND, RABINOWITZ and CONNOR, JJ., and FITZGERALD, Superior Court Judge.

DIMOND, Justice.

Appellant, with headquarters at Sitka, Alaska, loaned money to appellee to buy a car. Appellee executed a promissory note and chattel mortgage on the car in favor of appellant.

Claiming that payment of the note was in default, appellant requested the West Coast Recovery Service, of Seattle, Washington, to collect the amount due from appellee, who by then had moved from Sitka to Seattle. West Coast repossessed the car.

Appellee sued appellant in the State of Washington for what he claimed was a tortious or unlawful repossession of the car, and recovered judgment against appellant in an amount slightly in excess of $4,800. He then brought suit on that judgment of the Washington court in the superior court in Alaska. The Alaska court granted appellee's motion for summary judgment and entered judgment in favor of appellee for the amount of the Washington judgment, plus costs. Appellant then brought this appeal.

The principal question raised here is whether the Washington court, in entering judgment in favor of appellee for tortious repossession of the car, had jurisdiction over appellant. Appellee claims there was jurisdiction under Washington's long-arm statute. That statute provides that one submits himself to the jurisdiction of Washington's courts if, in person or through an agent, he commits a tortious act within the State of Washington.[1] It also pro-

---

1. Washington Rev.Code § 4.28.185(1) (1959) provides:

(1) Any person, whether or not a citizen or resident of this state, who in

vides that service of process on any such person may be made by personally serving the defendant outside of Washington.[2] In accordance with the Washington statute, personal service of the summons and complaint was made on appellant in Sitka, Alaska.

The Washington long-arm statute speaks of tortious acts committed by one "in person or through an agent." Since appellant in its own name did not repossess appellee's car, in order for the statute to apply West Coast must have committed this act as appellant's agent. Appellant contends that West Coast acted as an independent contractor, and not as an agent, and therefore that the Washington statute had no application and the Washington court did not acquire jurisdiction over appellant.

The arguments of the parties are devoted primarily to the distinction between an agent and an independent contractor. Reference is made to decisions of Washington courts which hold that the test in determining whether a person is an agent or an independent contractor is whether that person is controlled or subject to the control of the person hiring him in the performance of an act, or whether he is merely controlled or subject to control only as to the result.[3]

Appellant states that West Coast is a collection agency, specializing in the field of collecting monies secured by cars or other motor vehicles, and that appellant relied upon West Coast's knowledge of laws and procedures necessary to effect collections and had no control over the conduct or action of West Coast. From this appellant argues that when West Coast repossessed appellee's car it was not acting as appellant's agent, but as an independent contractor, and therefore the Washington long-arm statute did not operate to confer jurisdiction of the Washington court over appellant.

There is a recognized distinction between an agent and an independent contractor.[4] But that distinction may not always suffice to determine whether one in appellant's position did or did not act "through an agent," within the meaning of the Washington statute. There are circumstances where an independent contractor may also be an agent. As the Restatement (Second) of Agency points out, the attorney at law, the broker, the factor, the auctioneer and other similar persons employed either for a single transaction or a series of transactions, are agents, although as to their physical activities they are independent contractors. The distinction made here is

person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
(a) The transaction of any business within this state;
(b) The commission of a tortious act within this state;
(c) The ownership, use, or possession of any property whether real or personal situated in this state;
(d) Contracting to insure any person, property or risk located within this state at the time of contracting.

2. *Id.* Subsections (2) and (3) provide:
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this

state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.
(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

3. Freeman v. Navarre, 47 Wash.2d 760, 289 P.2d 1015, 1019 (1955); Tuggle v. Anderson, 43 Wash.2d 721, 263 P.2d 822, 823 (1953); Losli v. Foster, 37 Wash.2d 220, 222 P.2d 824, 832 (1950).

4. Restatement (Second) of Agency § 2(3) (1958) states:
An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent.

between an independent contractor, who may or may not be an agent, and a servant who is always an agent.[5] One of the reasons for the distinction is that the liability of a master for the torts of his servant is greater in extent than the liability of the principal for the torts of an agent who is not a servant.[6]

We do no more than mention these aspects of the law of agency because under the existing record it is not possible to decide whether repossession of appellee's car by West Coast was the act of appellant "through an agent," within the meaning of the Washington long-arm statute. The record is meager and somewhat obscure as to the relationship between appellant and West Coast. In opposition to appellee's motion for summary judgment, appellant filed an affidavit of Frank H. B. Richards, appellant's manager at. Sitka. Richards stated in pertinent part:

> That subsequently I wrote to West Coast Recovery Service * * * Seattle, Washington, and requested it to collect the aforesaid sums due and owing by the said Alton Ashborn to the ALP Federal Credit Union.

> That I had absolutely no control of the conduct and actions of West Coast Recovery Service.

Nothing was said here as to West Coast being authorized to repossess the car. On the other hand, appellee counters with a copy of a letter that Richards had written to appellee in August 1966. The letter stated in part:

> They [West Coast] have been instructed to collect the face of the note, plus interest to date. Failing this they have been instructed to repossess your car.

Here specific mention was made as to West Coast's authority to repossess appellee's car.

The question as to whether the Washington court had jurisdiction over appellant, which we are asked to decide, depends ultimately upon the exact nature of the relationship between appellant and West Coast—particularly with respect to West Coast's actions in taking possession of appellee's car. This is a genuine issue of material fact which must be litigated and decided before a decision can be made on the jurisdictional question. The case must be remanded for an appropriate factual hearing on this issue. The existence of such an issue of material fact made disposition of this case by summary judgment improper.[7] It was error for the superior court to grant appellee's motion for summary judgment.

In view of the necessity to remand for further proceedings, we do not feel it necessary to pass upon other issues raised by appellant on this appeal. The judgment is reversed and the case remanded · for further proceedings not inconsistent with this opinion.

CONNOR, J., with whom RABINOWITZ, J., joins (dissenting):

I dissent.

The undisputed facts of the case demonstrate that: (1) the appellant instructed West Coast to collect the face of the note; (2) the appellant instructed West Coast to repossess appellant's car if unable to collect the face of the note plus interest; (3) the appellant received the return of the sale of the repossessed car from West Coast; (4) West Coast remitted $1,500.00 of the sale price to appellant, retaining $200.00 to cover service charges.

It is apparent from these facts that appellant overtly performed acts making it a party to and participant in a business transaction in Washington, thereby sub-

5. *Id.* § 1(3), at 11, comment e.
   One may also be an employee of another, although not a servant in the master-servant sense under the common law understanding of this relationship. *See* Searfus v. Northern Gas Co., 472 P.2d 966, 968–969 (Alaska 1970).

6. Restatement (Second) of Agency § 1(3), at 11, comment e (1958).

7. Bertram v. Harris, 423 P.2d 909, 914 (Alaska 1967).

mitting to the jurisdiction of Washington courts under the "long-arm" statute. In my opinion the question of whether or not West Coast was the agent of appellant is immaterial.

The "long-arm" statute of the State of Washington (Rev.Code of Washington, Section 4.28.185) provides in part:

"Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: (a) The transaction of any busines within this state; * * *."

When appellant arranged for the collection of the note and the repossession of the automobile by a Washington State organization, the appellant transacted business within the State of Washington. This conclusion is in harmony wtih the interpretation given to the "long-arm" statute by the Supreme Court of the State of Washington. In the case of Griffiths & Sprague Stevedoring Company v. Bayly, Martin & Fay, Inc., 71 Wash.2d 679, 430 P.2d 600 (1967), the court held that when the defendant California insurance brokers ordered insurance by telephone and mail from or through a Washington insurance broker, it satisfied the "transaction of any business" provision of the statute. The court concluded that it was immaterial that the California corporation contemplated that the ultimate insurer might be a foreign agency. The court based its holding on the theory that the existence of a connecting link between the nonresident and the forum state is sufficient to vest jurisdiction under the "long-arm" statute:

"The connecting link then may consist of * * * the initiation of a transaction outside the state in contemplation that some phase of it will take place in the forum state * * *." 430 P.2d at 603.[1]

The conclusion that appellant submitted to the jurisdiction of the Washington court because he was transacting business is also consonant with our holding in Northern Supply Inc. v. Curtiss-Wright Corp., 397 P.2d 1013 (Alaska 1965). In that case we construed the section of the Corporations Code which provides for substituted service on foreign corporations "authorized to transact business in the state, or not authorized to transact business in the state but doing so."[2] We emphatically concluded that the words "transact business" encompassed all activities which would subject a foreign corporation to the "jurisdiction of our courts when measured by the outer limits of the due process clause of the federal constitution." (397 P.2d at 1016–1017).[3] Since it is quite obviously our policy to extend the jurisdiction of the Alaska courts to the constitutionally permissible limits, it is patently inconsistent to place limitations on the jurisdiction of the Washington courts.[4]

In Tyee Construction Co. v. Dulien Steel Products, Inc., 62 Wash.2d 106, 381 P.2d

---

1. For a collection of cases considering a single contractual transaction and sustaining the exercise of personal jurisdiction, *see* Wichman v. Hughes, 450 S.W. 2d 294, 296 (Ark.1970).

2. AS 10.05.642. It should be noted that this service of process statute relating to foreign corporations provides only for substituted service. That is, service is made on the Commissioner of Commerce who mails the process to the foreign corporation. The Washington State "long-arm" statute provides for personal service.

3. We reached the same conclusion in Stephenson v. Duriron Co., 401 P.2d 423 (Alaska 1965).

4. The Washington court interprets the "long-arm" statute as reflecting on the part of the legislature "a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." Tyee Construction Co. v. Dulien Steel Products, Inc., 62 Wash.2d 106, 381 P.2d 245, 247 (1963).

245, 251 (1963), the Washington court concluded that under the "long-arm" statute

> "[T]here are three basic factors which must coincide if jurisdiction is to be entertained. Such would appear to be: (1) The nonresident defendant * * * must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." (Footnotes omitted.)

These enumerated factors coincide in the case under consideration. The defendant contacted West Coast in the forum state to collect the note. This was a purposeful act, as was the correspondence with appellant concerning the matter. The cause of action for wrongful repossession was most certainly connected with the purposeful act of the defendant. Neither does the assumption of jurisdiction offend traditional notions of fair play and substantial justice. This is substantially the conclusion reached by the Alaska trial court when it found that

> "[D]efendant in fact caused the repossession to take place. Defendant's doing so provided a sufficient contact with

the State of Washington, such that maintenance of a suit against defendant there does not offend traditional notions of fair play and substantial justice." [5]

The summary judgment entered by the Alaska court was proper because there was no true factual issue before the court. Appellant by affidavit admitted that West Coast had been requested to collect the sums due from appellee. Further, the letters from appellant to appellee concerning possible repossession were before the trial court. It was not disputed that these letters had been sent and received. There was simply no disagreement about the fact that appellant had contracted with the Washington firm. Civil Rule 56(c) provides in part:

> "[Judgment] shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, * * * show that there is no genuine issue as to any material fact and that [any] party is entitled to a judgment as a matter of law."

Under the full faith and credit clause of Article IV, Section 1, of the United States Constitution and an act of Congress, 28 U.S.C. § 1738, the duly attested record of the judgment of a state is entitled to such faith and credit in every court within the United States as it has by law or usage in the state from which it is taken, and if it appears on its face, as here, to be a record of a court of general jurisdiction, its jurisdiction over the cause and the parties is presumed. Adam v. Saenger, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649, 651 (1938), and cases there cited.

---

5. It is recognized that appellant did not commit a "tortious act" in the State of Washington. Rather, my disagreement with the majority opinion is grounded entirely on my conclusion that the appellant was "transacting business" in the State of Washington, and that the cause of action arose from that transaction. The New York Court of Appeals has construed its "long-arm" statute (which is very similar to the Washington "long-arm" statute) to uphold jurisdiction under the "transaction of business" category when the

actual pleaded cause of action sounded in tort. The New York court has stated that "[i]t is clear that paragraph 1 is not limited to actions in contract; it applies as well to actions in tort when supported by a sufficient showing of facts." Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 26, 209 N.E.2d 68, 81 (N.Y. 1965). See also Janklow v. Williams, 43 Misc.2d 1053, 252 N.Y.S.2d 785, 787 (Sup.Ct.1964).

Of course in a suit upon the judgment of another state the jurisdiction of the court which rendered it is open to judicial inquiry. Adam v. Saenger, supra. Here the appropriate inquiry was made in the Alaska superior court, which concluded that appellant had sufficient contact to establish jurisdiction under the Washington statute as a matter of law. This conclusion should not be disturbed on appeal.

This case illustrates the substantial principles of justice which underlie the full faith and credit clause. Appellee suffered harm in the State of Washington because of acts set in motion by appellant. He brought suit in that state to recover for the harm done. Appellant was properly served but chose not to defend. Now, under what in my opinion is a valid judgment of the Washington courts, appellee is told that he must establish his cause of action anew in Alaska. He has had to defend this appeal. If he must now litigate anew the entire cause of action, including the agency question on which the majority opinion places such emphasis, it will amount to a frustration of justice even if he should prevail.

I would affirm the judgment of the superior court.