[Civil No. 2164.  Filed June 6, 1924.]

[226 Pac. 540.]

ED KENDALL, Appellant, v. SILVER KING OF ARIZONA MINING COMPANY, a Corporation, and SILVER KING MINES, INC., a Corporation, Appellees.

1. PLEADING—DEMURRER ADMITS EVERYTHING WELL PLEADED.—Demurrer admits the truth of everything well pleaded.

2. CORPORATIONS—MATTERS HELD NOT TO PRECLUDE CREDITOR FROM FOLLOWING ASSETS TRANSFERRED TO NEW CORPORATIONS IN FRAUD OF CREDITORS.—Where sole stock owners caused their corporation to issue bonds to them without consideration, secured by mortgage to a third person, and afterwards induced mortgagee to foreclose, they purchasing at sale by turning in their bonds and transferring assets to new corporation, of which they continued to be controlling stockholders, all for purpose of delaying and

---

1. See 21 R. C. L. 506.
2. See 7 R. C. L. 573.

defrauding creditors, plaintiff, having judgment for personal injuries against old company, was not prevented from following assets in hands of new by fact that his cause of action did not arise until after issuance of bonds.

3. JUDGMENT—WHERE OBTAINED BY FRAUD PRACTICED ON COURT, MAY BE VACATED AT ANY TIME.—Some judgments, as where litigants have practiced fraud upon the court, may be vacated or set aside at any time upon suggestion of any interested party.

4. JUDGMENT — RULE STATED AS TO FRAUD INHERENT IN CAUSE OF ACTION AS GROUND OF COLLATERAL ATTACK.—Where fraud alleged as ground for attacking judgment was inherent in cause of action, and was litigated by being put in issue, or, where it might have been put in issue, a party cannot subsequently raise it in collateral action.

5. JUDGMENT—COLLATERAL ATTACK ON JUDGMENT OF FORECLOSURE AS FOUNDED ON MORTGAGE GIVEN IN FRAUD OF CREDITORS NOT PERMITTED.—Where, on foreclosure of mortgage given by corporation to secure bonds issued to stockholders, assets were transferred to new corporation, of which bondholders were controlling stockholders, holder of judgment against old corporation, who was joined in foreclosure suit, and did not question validity of bonds, could not in subsequent suit against new corporation attack foreclosure on ground that bonds were issued in fraud of creditors.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Messrs. Jennings & Strouse, for Appellant.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellees.

ROSS, J.—This action is an effort to subject assets in the name of the Silver King Mines, Inc., to the payment of a judgment in favor of appellant, Kendall, against the Silver King of Arizona Mining Company, upon the theory that the managers and stockholders of the latter company caused all of its assets to be

3. See 15 R. C. L. 760.
4. See 15 R. C. L. 762.
   See 14-A C. J. 1051; 23 Cyc. 907, 1097, 1322; 31 Cyc. 333.

transferred to the former without consideration and for the purpose of hindering, defrauding and delaying creditors of the latter.

The Silver King Mines, Inc., demurred to the complaint for insufficiency of facts. The demurrer was sustained, and judgment dismissing the complaint was entered thereon. The appeal is from the order sustaining demurrer and from the judgment of dismissal. The question presented, therefore, is as to whether the complaint states facts sufficient to constitute a cause of action in favor of the plaintiff.

The amended complaint set out, in substance, the following facts: That plaintiff is a judgment creditor of the Silver King of Arizona Mining Company in the sum of $20,000 for personal injuries sustained while working for said company in its mines on September 12, 1919, having obtained judgment January 18, 1922; that the Silver King of Arizona Mining Company was organized May 4, 1916, by A. W. Hildebrand, Walter F. Ainsworth, John Doe and John Doe, who held the controlling interest in the company, and managed and controlled its business and affairs, elected and controlled its officers and directors; that they on June 6, 1919, caused said company to execute to the Empire Trust Company a mortgage on all of its properties to secure a purported bond issue in the sum of $500,000, and caused to be issued to themselves bonds in the sum of $290,000, without consideration, and for the purpose of enabling themselves to regain title to the said property in case the company should become in its operations indebted; that on July 6, 1920, G. S. Cunningham, assignee of certain claims (amounting to $11,000) against the Silver King of Arizona Mining Company, instituted an action in the superior court of Gila county against said company, the Empire Trust Company, Bertram Electric Company, John Fowle, receiver, and Edward Kendall, the present plaintiff; that said Hildebrand, Ainsworth,

and John Does in said action caused the Empire Trust Company to file a cross-complaint foreclosing said mortgage securing the purported bond issue; that cross-complainant obtained judgment for $334,-063.54, and decree of foreclosure under which the property of said Silver King of Arizona Mining Company was sold by a special master in chancery to said Walter F. Ainsworth for $250,000, $7,027,79, the actual cost of litigation, being paid in money, and the rest in the bonds of said company; that thereafter sale was confirmed, and a certificate of sale was issued to said Ainsworth, who assigned same to defendant, Silver King Mines, Inc., in consideration of stock in the latter company; that Hildebrand, Ainsworth, and John Does transferred their bonds to said Silver Mines, Inc., in exchange for its stock, for the purpose of enabling it to acquire property without the payment of any money except the actual cost of litigation, and for the purpose of hindering, delaying and defrauding creditors, and especially the plaintiff; that said Hildebrand, Ainsworth, and John Does, on September 19, 1921, organized the Silver King Mines, Inc., for the purpose of acquiring the property of the Silver King of Arizona Mining Company, and that the former company is simply a continuation of the latter, with the same stockholders owning and controlling the majority of the shares of stock of each company; that the whole transaction was fictitious and a scheme upon the part of the named officers and stockholders to protect their interests and defraud plaintiff and other creditors.

It is elementary that a demurrer admits the truth of everything well pleaded. For the purpose of deciding the question of the sufficiency of the amended complaint we must therefore assume the truth of the allegations to the effect that the bonds of the old company were issued to Hildebrand and others without consideration and for the purpose of

affording them the means of evading and defeating debts incurred by said company in its operation of its mines by using said bonds as evidence of superior equities and interests in the property of said company as against general creditors, when, and if, the necessity should arise.

Assuming that as a settled fact, what was done was in aid of a preconceived purpose, scheme, or plan, and amounted to a mere reincorporation or reorganization of the Silver King of Arizona Mining Company. In such case, under the rule as laid down in *Valley Bank* v. *Malcolm,* 23 Ariz. 395, 204 Pac. 207, and *Peabody Cons. Copper Co.* v. *Maier,* 20 Ariz. 370, 181 Pac. 177, the Silver King Mines, Inc., would doubtless be liable for plaintiff's debt. In the former case we quoted from *American Ry. Express Co.* v. *Commonwealth,* 190 Ky. 636, 228 S. W. 433, with approval, and as stating the general rule, the following:

"Questions concerning the responsibility of the purchasing corporation for the debts and liabilities of the selling corporation have come before the courts of the country in many cases, and it is held practically without dissent that although the purchasing corporation does not assume the payment of any of the debts or liabilities of the selling corporation, it will yet be made responsible for them if there was no consideration for the sale, or if it was not in good faith but for the purpose of defeating the creditors of the selling corporation or where there has been a merger or consolidation of the corporations, or where the purchasing corporation took over from the stockholders, all of the stock of the selling corporation, or where the transaction amounts to a mere reincorporation or reorganization of the selling corporation. It is also generally agreed that when these conditions exist the purchasing corporation will be responsible for all the debts and liabilities of the selling corporation without reference to whether these debts or liabilities were created by contract or arose out of tort, or were liquidated or unliquidated."

The appellant meets this obvious admission of its demurrer by calling the court's attention to the fact that the bond issue to the Empire Trust Company is dated June 6, 1919, whereas the plaintiff's injury was sustained on September 12, 1919 (some three months thereafter), and to the further fact that the plaintiff was a party defendant in the suit foreclosing mortgage given to secure bonds.

The fact that bonds were issued before the plaintiff's cause of action arose, there being no consideration for bonds, would not lessen nor militate the liability of the reorganized company. If, however, in the Cunningham suit in Gila county, in which the Empire Trust Company foreclosed its mortgage upon the property of the Silver King of Arizona Mining Company and secured judgment for the amount of bonds issued, the plaintiff Kendall was a party, and had an opportunity to put in issue the invalidity of the bonds issued to Hildebrand and others for lack of consideration, and he failed to do so, or if he put in issue such question, and the matter was decided against him in that suit, the question is, Is he not foreclosed or may it be fought out in this action?

If plaintiff had not been a party to the foreclosure suit, we think there is little doubt that he would have a right to allege and prove that the bonds and mortgage executed to secure them were without consideration, and, if he established that as a fact, to pursue the assets of the Silver King of Arizona Mining Company into the hands of the Silver King Mines, Inc., and to subject such assets to the satisfaction of his judgment. But he, as well as other creditors, had the opportunity in the Cunningham case to put in issue the validity of the mortgage and bonds, and we think the parties to that litigation waived any question that might pertinently have been put in issue but was not.

Plaintiff contends that because of the fraudulent scheme and plan unfolded in complaint he has properly raised in this proceeding the want of consideration for bond issue. He says:

"A judgment procured by fraud, as here alleged, is never a bar or *res adjudicata,* but is *coram non judice,* absolutely void, and subject to be attacked at any time and in any forum, by any person injuriously affected."

And cites as authority for this proposition *Johnson* v. *Waters,* 111 U. S. 640, 28 L. Ed. 547, 556, 4 Sup. Ct. Rep. 619 (see, also, Rose's U. S. Notes). It is true the court did in that case use very broad language, but that it was never intended to be as far reaching as plaintiff would have it is made apparent from this statement by the court (at page 669, 4 Sup. Ct. Rep. 635):

"This court will not try over again a case already tried, nor permit the complainant to litigate matters which he had notice of, and which he had an opportunity to litigate in the probate proceedings."

Another case cited by plaintiff to sustain his contention is *Michaels* v. *Post,* 21 Wall. (U. S.) 398, 22 L. Ed. 520 (see, also, Rose's U. S. Notes). This case lays down the rule, at page 427, that:

"Third persons only, however, can set up such a defense [that judgment was obtained through fraud and collusion], as the rule is well settled that neither the parties nor those entitled to manage the cause or to appeal from the judgment are permitted to make such defense in any collateral issue."

We think there are no well-considered cases that have announced the rule that a party to the litigation in which the judgment was had, with opportunity to put in issue all matters and things concerning the subject matter of litigation, and who, when defeated, allows the adverse judgment to become final, may in a collateral proceeding such as this have a re-

examination of the issues. There are some judgments, as where fraud has been practiced upon the court by litigants, that may be vacated or set aside at any time and upon the suggestion of any interested party, but, where the fraud practiced is inherent in the cause of action, and was litigated by being put in issue, or where it might have been put in issue, the question is very different. In such case the rule is stated in 23 Cyc. 1097, as follows:

"Where the fraud alleged was inherent in the cause of action, or in the character of procurement of the instrument sued on, it is conceded that it does not furnish a legitimate ground for impeaching the judgment in a collateral proceeding; and there are many decisions stating the broad general rule that it is not permissible for a party or privy to attack a judgment in a collateral proceeding on account of fraud. It is quite generally held, however, that fraud practiced in the very act of obtaining or procuring the judgment is so far destructive of its validity that it may be made the basis for a collateral attack upon the judgment, although there are decisions to the contrary."

Since the complaint discloses upon its face that the question of the validity of the bond issue was or might have been adjudicated in the Cunningham case, in which the mortgage was foreclosed, and that the plaintiff has had his day in court upon that issue, under the authorities it seems his present effort to have that issue reconsidered in a collateral proceeding ought not to be, and cannot be, permitted.

The demurrer therefore was properly sustained, and the judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.