**Anna E. FIGLIOZZI, Appellant,**

v.

**Joseph FIGLIOZZI, Appellee.**

No. 2825.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 12, 1961.

Decided Sept. 29, 1961.

Pierre E. Dostert, Washington, D. C.,
for appellant.

Francis W. Taylor, Washington, D. C.,
with whom William P. Kilmain was on
the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of The
Municipal Court for the District of Colum-
bia, sitting by designation.

SMITH, Judge.

The question presented on this appeal is
whether an award of separate maintenance
and support for minor children obtained
under the Reciprocal Enforcement of Sup-
port Act[1] precludes a later action for
maintenance and support under Code 1951,
§ 16–415.

In January 1959 appellant, then residing
in Maryland, obtained an order under the
Reciprocal Enforcement of Support Act
requiring her appellee husband, a resident
of the District of Columbia, to pay her
$140 per month for support of herself and
their minor children. Alleging that $140
per month was inadequate, appellant filed
a complaint in December 1960 under §
16–415 of the Code seeking $300 per month
separate maintenance and support. The
trial court dismissed the action holding that
the award obtained under the Reciprocal
Enforcement of Support Act in 1959, which
was still in effect, barred this subsequent
action.

In challenging the holding of the trial
court, appellant contends that the language
of the Reciprocal Enforcement of Support
Act expressly provides for a later suit even
though an award under the Act is still
effective. The language relied on by ap-
pellant appears in § 11–1603 of the Code and
provides that "the civil remedies herein
provided are in addition to and not in
substitution for any other remedies." We
are in accord with appellant's position. The
quoted language of the Act clearly indicates
that a recovery under the Reciprocal En-
forcement of Support Act was not intended
by Congress to be a bar to an action for
maintenance and support under § 16–415.
We find nothing in the Act or its legis-
lative history justifying rejection of its
clear and explicit language.

Reversed.

1. Code 1951, § 11–1601 et seq., (Supp. VIII).