139 So.2d 195 (1962)
Lloyd J. CLARK, Appellant,
v.
Rosemary CLARK, Appellee.
No. 2847.
District Court of Appeal of Florida. Second District.
March 23, 1962.
*196 Robert G. Petree, Sam E. Murrell & Sons, Orlando, for appellant.
No appearance for appellee.
WHITE, Judge.
Proceedings were instituted in Colorado Springs, El Paso County, Colorado, under the Uniform Reciprocal Enforcement of Support Act of that state by Rosemary Clark against her former husband, appellant Lloyd J. Clark of Orlando, Orange County, Florida. The Colorado Court heard the sworn complaint and determined that the two minor children of the petitioner and the respondent were in need of $150.00 per month for their maintenance and support. The petition alleged on information and belief that the respondent was earning between $500.00 and $600.00 per month.
The cause came on for hearing before the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida, after the respondent had been summoned to show cause why he should not be required to make regular payments for the support of the named children. On final hearing the respondent, although represented by counsel, offered no testimony. The court found "in the testimony offered by the petitioner" that the need for the minor children was $150.00 a month which the respondent was ordered to pay.
The respondent thereafter filed a motion reciting that petitioner Rosemary Clark was not present at any time before the Florida court, and moved the court to amend the order so as to reflect the nature of the "testimony" on which the order was entered. The state attorney, on behalf of the petitioner, filed a reply averring that there was no merit to the motion. The court denied the motion and the respondent appealed, protesting the validity of the order absent testimony eo nomine on the part of the petitioner.
The chancellor properly took notice of the Uniform Reciprocal Enforcement of Support Act of the State of Colorado[1] as *197 contemplated by the Uniform Reciprocal Enforcement of Support Act of the State of Florida.[2] Such Acts are, of course, designed to provide expedient and inexpensive "interstate" procedures for enforcing support of the family.
In the instant case the authenticated transcript of the Colorado proceedings, duly presented to the Florida court, effectively invoked the active jurisdiction of the latter court. The question of need as determined in the initiating state is acceptable here as prima facie correct. The respondent-appellant, having been duly served but consciously failing to answer or testify in rebuttal, cannot question the order appealed on the ground that the petitioner did not testify in person or by deposition.
Affirmed.
SHANNON, C.J., and SMITH, J., concur.
NOTES
[1] Art. II, Chap. 43, Colo.Rev.Stats. 1953.
[2] Fla.Stats. Chap. 88, F.S.A.