Richard J. Cardamone, J.
This is a motion for temporary alimony and counsel fees. The plaintiff wife has instituted an action for a divorce against the defendant husband. The parties were married on June 9, 1945. They have two children, one 17 and the other 9.
The Family Court of Onondaga County issued an order, dated February 13, 1964, providing that the defendant pay the mortgage, taxes, and utilities for, the dwelling of the parties and, also, the sum of $40 a week for the support of the plaintiff and the two infant children. The plaintiff alleges that the defendant earns more than $14,400 a year.
It appears from the defendant’s affidavit that the payments ordered by the Family Court amount to over $4,700. The defendant further alleges that his take-home pay is slightly less than $9,000. The plaintiff is demanding $75 per week for temporary alimony and $1,000 for counsel fees.
The defendant husband interposes the defense of collateral estoppel to the plaintiff’s motion.' He claims that since she selected the Family Court as the forum to obtain support for herself and for the children, -she is now estopped from moving for the same relief in the Supreme Court. The defendant cites Hinchey v. Sellers (7 N Y 2d 287 [1959]) in support of this contention. That case is not in point in a matrimonial action of this kind, however. The Family (Court, as a court of limited jurisdiction, is confined in its actions to the powers granted to it by the precise language of the statute which creates it. Article 4 of the Family Court Act (L. 1962, ch. 686, eff. Sept. 1, 1962) does provide for the initiation of support proceedings in that court. The powers conferred in that .section in no way circumscribe the general jurisdiction of the 'Supreme ‘Court as set forth in article 13 (§§ 230-248; L. 1962, ch, 313, eff. .Sept. 1, 1963) of the Domestic Relations Law, however. Further, the determinations made in the Family Court are not binding on the parties in an action in the -Supreme Court in which the question is directly raised as to whether the marriage exists. The cause of action would not be identical to make applicable the rule of collateral estoppel cited in Hinchey v. Sellers (supra). One action, in Family Court, is for .support and that only, the other *91 action, instituted in 'Supreme Court, is for an adjudication of the marital status. (Loomis v. Loomis, 288 N. Y. 222 [1942].)
The court may, in a divorce action, direct the husband to provide for the support of the wife, as justice requires, taking into consideration the circumstances of the respective parties (Domestic Relations Law, § 236). Before the wife may be granted alimony pendente lite, there must be proof that the wife is unable to support herself from her own funds while the action is pending. Also, the ability of the husband to pay the alimony requested must be established. (Butler v. Butler, 204 App. Div. 602 [1st Dept., 1923].) An award of temporary alimony rests on and grows out of a showing of necessity ”. (Haas v. Haas, 271 App. Div. 107, 109 [2d Dept., 1946].)
Similarly, the court in the exercise of its discretion may direct the husband to pay such sums of money, as counsel fees, to enable the wife to carry on a divorce proceeding as justice requires, also taking into consideration the circumstances of the respective parties '(Domestic Relations Law, § 237). An award of counsel fees to a married woman in a divorce action is solely for the purpose of enabling her to prosecute the action. She must offer proof that she is unable to pay for the necessary, regular services out of her own resources. (Lake v. Lake, 194 N. Y. 179 [1909]; Kolmer v. Kolmer, 19 Misc 2d 298 [1959].) Here, the plaintiff’s affidavit states that she does not have the $1,000 for counsel fees requested by her attorney for bringing on and maintaining this divorce action. The defendant’s affidavit does not controvert that statement.
The application for alimony pendente lite is denied. The order of the Family Court, dated February 13, 1964, will not be disturbed at this time. At the trial, conflicting claims as to the parties’ finances may be heard and disposed of by the trial court. Counsel fees are awarded the plaintiff in the amount of $500. The award of counsel fees here is without prejudice to the plaintiff to make application for additional counsel fees upon proper showing of necessity at the trial.