■ In the Matter of KENNETH MARKS, Respondent, v. JUNE MARKS, Appellant. In the Matter of JUNE MARKS, Appellant, v. KENNETH MARKS, Respondent. In the Matter of KENNETH MARKS, Respondent, v. JUNE MARKS, Appellant.— In three proceedings under article 8 of the Family Court Act, the wife, June Marks, appeals from the following orders of the Family Court, Westchester County: (1) so much of an order entered October 1, 1964, as granted certain visitation rights to the husband; (2) so much of a "counter-order" entered October 21, 1964, as granted an order of protection (Family Ct. Act, § 842): (a) restraining the husband from molesting or annoying his wife for a period of six months; and (b) restraining the wife from depriving the husband of the visitation rights set forth in a "counter-judgment" of the Supreme Court, Westchester County, entered September 28, 1964 in a habeas corpus proceeding; and (c) relieving the husband of the 24-hour notice requirement contained in said "counter-judgment"; and (3) an order entered May 18, 1965, which (a) awarded to the husband custody of the three infant issue of the marriage, with visitation privileges to the wife; (b) ordered the commitment of the wife to the Westchester County Jail for ten days; (c) directed the wife to submit to psychiatric evaluation within one week of her release from County Jail and (d) relieved the husband of the support payments pursuant to a separation agreement while the children were in his custody. Orders entered October 1, 1964 and October 21, 1964, insofar as appealed from, affirmed, without costs. Order entered May 18, 1965 modified by deleting the first decretal paragraph and substituting therefor the following: "ORDERED, that under the authority granted in connection with dispositional hearings in this Court, the order of protection of October 21, 1964 is hereby modified and the petitioner, KENNETH MARKS, is awarded the physical custody, care and control of the 3 infant children of the parties and the respondent, JUNE MARKS, is hereby afforded the visitation privileges heretofore accorded the said Kenneth Marks under and pursuant to the 'counter-judgment,' entered September 28, 1964 as aforesaid, and the order of this Court, entered October 21, 1964, for a period of 12 months from the date of this order of disposition, exclusive of such periods during which the effect of this order is stayed; and it is further" As so modified, order affirmed, without costs. The orders of the Family Court did not "modify" the prior "counter-judgment" of the Supreme Court, entered September 28, 1964. The "family offense" petitions were based upon new facts and constituted entirely new proceedings (cf. *Bedford Ice Palace* v. *Brooklyn Trust Co.*, 246 App. Div. 734). However, an order of protection in a "family offense" proceeding cannot exceed the powers set forth in the statute (Family Ct. Act, § 842), which limits the award of custody to a period not in excess of one year. Although the custody award may subsequently be extended beyond this period "for good cause shown" (Family Ct. Act, § 844), the initial unlimited custody award exceeded the power of the Family Court in a proceeding brought under article 8 of the act (see *Graham* v. *Graham*, 43 Misc 2d 89, 90). Upon all the facts and circumstances of this case the order of May 18, 1965, was justified. It did not substantially modify the oral decision of the other Family Court Judge recorded after the dispositional hearing of February 24, 1965. Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.