427 P.2d 369

**Cleveland L. GARRETT and Jane Doe Garrett, Appellants,**

v.

**HOLMES TUTTLE BROADWAY FORD, an Arizona corporation, and John Doe Weber and Jane Doe Weber, individually and as husband and wife, and Dave Smith and Jane Doe Smith, Individually and as husband and wife, Appellees.**

**No. 2 CA–CIV 332.**

Court of Appeals of Arizona.

May 2, 1967.

Arthur R. Buller, Tucson, for appellants.

Boyle, Bilby, Thompson & Shoenhair, by Michael Lacagnia, Tucson, for appellees.

MOLLOY, Judge.

In December of 1963, the appellant here, plaintiff below, purchased an automobile from the defendant, Holmes Tuttle Ford, and in connection therewith signed a conditional sales contract. He also signed a mortgage upon real estate in which he had an interest to secure the payments under the conditional sales contract.

In September of 1964, Holmes Tuttle brought a civil action against the appellant to foreclose the realty mortgage, alleging that there had been a deficiency upon the sale of the automobile which had been repossessed by the seller after failure to make payments under the conditional sales contract. The action resulted in a judgment of foreclosure of the mortgage and no appeal was taken from the judgment. After the time for appeal had expired, the instant action was filed, the appellant in his complaint alleging that Holmes Tuttle and two individual defendants, Weber and Smith, had obtained the realty mortgage " * * * by fraud in the factum or execution * * *."

According to the appellant's complaint he " * * * at no time intended to sign any document subjecting his property to foreclosure or other action; that had he been informed of such document, he would not have signed; * * * further that said plaintiff at no time knowingly signed any such document."

The defendants in this action moved below for a summary judgment, asking the trial court to take judicial notice of the prior civil action and judgment on the realty mortgage,[1] and contending that judgment for the defendants was mandated by the doctrine of res judicata. The lower court granted the motion and the instant appeal followed.

On appeal, the appellant contends the trial court erred in holding the prior action was conclusive of the instant one for the reason that there was no showing the ap-

---

1. No point is made on appeal as to the trial court's so doing. We believe a trial court may take judicial notice of its own records, particularly when requested to do so. Reidy v. O'Malley Lumber Company, 92 Ariz. 130, 374 P.2d 882 (1962).

pellant had discovered at the time of the previous litigation the fraud practiced against him, and that hence this action did not accrue until after such discovery. The appellant also contends that the attorney who represented him in the previous action was not authorized to do so.

■ No concept is more essential to the efficacy of the judicial process than that of res judicata. If the judicial process is not to put an end to controversy, with finality, it has no purpose whatsoever. The doctrine, however, must not be extended so far as to deprive persons of their day in court or so rigidly as to defeat the ends of justice. See 30A Am.Jur. Judgments § 326, pp. 373–374; 50 C.J.S. Judgments § 592, p. 11.

■ The instant action presents a fair example of a proper application of the rule. The appellant was given his day in court in the prior litigation on the very issue that he wishes to raise in this subsequent litigation. The question of whether there was fraud in the factum of the realty mortgage was a factual issue necessarily decided by the prior judgment. Fraud in the factum of the execution of a contract is generally regarded as rendering that contract void:

"§ 475. When Fraud or Misrepresentation Makes a Transaction Void.

"Where there is fraud or misrepresentation by one person likely to cause and that does cause another, without negligence on his part, to believe that an act that he does is not a manifestation of assent to any transaction or is a manifestation of assent to a transaction entirely different from that which would be created if there were no mistake as to the facts, the act does not affect his contractual relations." Restatement, Contracts, p. 905.

See also 17 C.J.S. Contracts § 153, p. 905; and 17 Am.Jur.2d Contracts § 152, p. 503.

The gist of the complaint here is an attempt to negate the essence of the claim presented to the court and determined in the prior action. Previous pronouncements of our Supreme Court in Kendall v. Silver King of Arizona Min. Co., 26 Ariz. 456, 226 P. 540 (1924), refute the appellant's contentions. The factual situation in *Kendall* is very comparable to that presented here and in denying the right to bring the second action the court said:

" * * * but, where the fraud practiced is *inherent in the cause of action*, and was litigated by being put in issue, or where it might have been put in issue, the question is very different. * * *

"Since the complaint discloses upon its face that the question of the validity of the bond issue was or might have been adjudicated in the Cunningham Case, in which the mortgage was foreclosed, and that the plaintiff has had his day in court upon that issue, under the authorities it seems his present effort to have that issue reconsidered in a collateral proceeding ought not to be, and cannot be, permitted."
(Emphasis added.) 26 Ariz. at 463, 226 P. at 542.

There is considerable general law to support this position. 50 C.J.S. Judgments § 723, pp. 209–210, and § 733, p. 224; 30A Am.Jur. § 376 Judgments pp. 423–425, and § 383, pp. 432–433.

We are unable to follow the appellant's argument as to the lack of the authority of the counsel who represented the appellant in the previous action. It is the appellant's contention that he went to this lawyer for the sole purpose of protecting the interest of a person not named as a party in the foreclosure action and that he did not authorize the attorney to file an answer for him. There is no contention that the appellant was prevented from making a defense in this prior action by fraud, or otherwise, and there is no attack made upon the service of process upon the appellant in the prior action.

■ Assuming, without deciding, that the appellant may repudiate in this suit the authority of his attorney to represent him in

the previous action,[2] reason and logic do not lead us to the conclusion that the validity of the prior judgment is affected. If the attorney in the other action was not authorized to file an answer for the appellant, judgment by default against this appellant would have been entered in the normal course of events, and such a judgment would be entitled to the same finality as the one rendered upon an answer admitting the material allegations of the complaint, as the one actually filed did. 50 C.J.S. Judgments § 706, pp. 162–164; 30A Am.Jur. Judgments § 226, pp. 297–298. The appellant has cited no law suggesting that under the instant circumstances lack of authority on the part of counsel would render the prior judgment subject to an attack such as attempted here and we hold that the purported lack of authority does not affect the finality of the previous judgment.

In the lower court, all objections presented to the motion for summary judgment revolved around those discussed above. On appeal, for the first time, the appellant has pointed out that two of the defendants below, Weber and Smith, were not parties to the prior action and that the doctrine of conclusiveness of judgments can apply to no others than the parties to the former action and their privies. 50 C.J.S. Judgments § 756, pp. 275–277; 30A Am.Jur. Judgments § 396, pp. 445–446.

We are on the fringe of what may properly be regarded as a "privy" interest in the two individual defendants insofar as the prior litigation is concerned. This critical concept of "privies" has no concise definition:

"§ 399. Persons Included as Privies. —There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata. Who are privies requires careful examination into the circumstances of each case as it arises. *In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right.* It has been declared that privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and that the rule is to be construed strictly to mean parties claiming under the same title. Under this rule, privity denotes mutual or successive relationship to the same right or property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment. There is privity within the meaning of the doctrine of res judicata where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, or lienor of property. This is in harmony with the view that a *judgment is binding on privies because they are identified in interest,* by their mutual or successive relationship to the same rights of property which were involved in the original litigation. There are also cases in which it is held that the requisite privity may result from representation by a party to the action, from blood relationship, or from law." (Emphasis added.) 30A Am. Jur. Judgments, § 399, pp. 451–452.

In this action, the only wrongful act with which the individual defendants are charged is fraudulently causing the plaintiff to sign a document which in fact was a realty mortgage, but which the plaintiff

---

2. There is respectable authority holding that a domestic judgment cannot be attacked in a separate action, as attempted here, on the grounds of lack of authority in the attorney who appeared of record in the other action: Hunter v. Harrell, 88 Ind.App. 68, 163 N.E. 295 (1928); Long v. MacDougall, 273 Mass. 386, 173 N.E. 507 (1930); Hemphill Lumber Co. v. Arcadia Timber Co., 52 S.W.2d 750 (Mo.App. 1932); Gagnon Company v. Nevada Desert Inn, 45 Cal.2d 448, 289 P.2d 466 (1955); Perkins v. Southern Coal Corp., 190 F.2d 692 (4th Cir. 1951).

did not know was such. But in a separate action, it has been determined, by necessary implication, as between the plaintiff and the corporate-defendant to which this mortgage was given, that such fraud in the factum did not exist. The wording of the complaint indicates that the individual defendants were agents or servants of the corporate-defendant in the transaction under attack.[3] Under analogous circumstances, there is authority which accords to the agent or employee the benefit of the prior adjudication in favor of the principal or master under principles of res judicata. See 50 C.J.S. Judgments § 757, pp. 277–279; 30A Am.Jur. Judgments § 429, pp. 480–481; and annotation 129 A.L.R. 1041, 1059–1063.

■ However, rather than pass upon what we consider to be an extremely close question of law, we rest affirmance on another ground urged by the appellees to support the judgment below. A reading of the legal memorandum filed by the plaintiff in the lower court, in opposition to the motion for summary judgment, in every way equates the position of all of the defendants as to the pending motion. Every argument presented was on behalf of the "defendants"; all authorities cited were of such vein as to indicate that the legal position of the defendants was inseparable. In this state of the record, we believe that, if it was error for the trial court to equate the position of the defendants insofar as the pending motion was concerned, it was error invited by the plaintiff and therefore cannot be a predicate for reversal in the plaintiff's favor on appeal. Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960); 5 Am.Jur.2d Appeal and Error § 713, p. 159; 5 C.J.S. Appeal & Error § 1501, pp. 857–861.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

3. Inter alia, on this matter, the complaint alleges that the purchase of the automobile which was the subject of the prior action was " * * * contracted with *defendants* * * *." (Emphasis added.)