480 P.2d 379

**Marie WELLER, Appellant,**

v.

**Paul J. WELLER, Appellee.**

**No. 2 CA–CIV 863.**

Court of Appeals of Arizona, Division 2.

Feb. 10, 1971.

Rehearing Denied March 11, 1971.

Review Denied April 6, 1971.

Bernard I. Rabinovitz and Lawrence Ollason, Tucson, for appellant.

Silver, Ettinger & Karp by Jack A. Ettinger and Gene Karp, Tucson, for appellee.

KRUCKER, Chief Judge.

Appellant, plaintiff below, filed a complaint in superior court asserting three claims for relief: (1) separate maintenance, (2) reimbursement for sums expended for her past support, and (3) reimbursement for sums expended by her for child support. The responsive pleading of appellee, defendant below, alleged that a marital status no longer existed, and that the plaintiff's claims were barred; as to the first claim, by laches, res judicata and collateral estoppel; as to the second and third, by the statute of limitations.

The defendant subsequently filed a motion for summary judgment in his favor on the ground that all three counts were barred by the doctrine of res judicata and collateral estoppel, that counts two and three were barred by the statute of limitations, and, further, that "there is no cause of action or liability for past support to the plaintiff, either as or for child support or support of herself." The defendant's motion for summary judgment was granted and from the judgment in his favor this appeal was prosecuted. Plaintiff contends that factual issues were presented, hence summary judgment was improper.

The major thrust of defendant's motion for summary judgment was that a prior Arizona superior court ruling in a reciprocal support proceeding operated as a bar to this action.

In December, 1967, the plaintiff filed a verified petition in Family Court of the State of New York as provided in the New

York State Uniform Support of Dependents Law.[1] The petition alleged, inter alia, that plaintiff was the wife of defendant, having been married on or about December 26, 1942, in the State of New York; that the defendant on or about 1947 and subsequent thereto, refused and neglected to provide support for plaintiff; that the defendant was residing in Tucson, Arizona, and that plaintiff was in need of and entitled to support from defendant. Appended thereto was certain sworn testimony of the plaintiff as to these facts. The appropriate New York procedure followed, with the papers being forwarded to Arizona as the responding state.[2]

The superior court issued a show cause order directed to the defendant (respondent in the reciprocal support proceedings), and a hearing thereon was duly held. The plaintiff was not present but the defendant was. Plaintiff was represented by a member of the County Attorney's staff and defendant was represented by retained counsel. Counsel stipulated that if the defendant was called he would testify to the fact that he obtained a divorce on May 31, 1947, in Chihuahua, Mexico. A photocopy of the Mexican divorce decree and the English translation thereof were admitted in evidence without objection, as was a photocopy of a letter and an envelope addressed to the plaintiff, post-marked June 18, 1947. The minute entry reflects that the defendant was sworn and examined, and that one Helene T. Weller, apparently defendant's second wife, was sworn, examined, questioned by the court, and cross-examined. The superior court thereupon ordered that the plaintiff's petition for support be dismissed and directed preparation of a formal, written order. The formal order prepared in accordance with this direction, recites:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That the plaintiff, MARIE WELLER, also known as Marie Harrison, be and hereby is found guilty of laches and is estopped from denying the validity of the Decree of Divorce entered on May 31, 1947 in Chihuahua, Mexico.

2. That the Petition For Support herein is denied and is dismissed."

The foregoing order in the reciprocal support proceedings was the predicate for the motion for summary judgment in the instant case, i. e., the plaintiff's right to support had already been adversely determined against her and therefore she was precluded from relitigating the issue.

■ Jurisdiction of an action for separate maintenance depends upon the existence of a valid marriage relationship between the parties at the time the action is instituted. White v. White, 83 Ariz. 305, 320 P.2d 702 (1958); 42 C.J.S. Husband and Wife § 615a. In granting the defendant's motion for summary judgment, the trial court apparently agreed with defendant that the plaintiff was precluded, by virtue of the reciprocal support order, from claiming the existence of marital status.

■ Plaintiff argues that the court, in the reciprocal support proceedings, had no "jurisdiction" to inquire into the validity of the Mexican divorce decree. Although we agree that the duty of support is the only real issue in this type of proceeding, Davidson v. Davidson, 66 Wash.2d 780, 405 P.2d 261 (1955); Commonwealth ex rel. Posnansky v. Posnansky, 210 Pa.Super.

1. Article 3–A, Domestic Relations Law, McKinney's Consolidated Laws of New York, c. 14.

2. The Arizona statutes in effect at the time were A.R.S. § 12–1651, et seq., the Uniform Enforcement of Support Act.

Although the Uniform Act had been revised in 1958, the revised Act was not adopted in Arizona until 1970, effective August 11, 1970. Therefore, all references herein to the provision of the Act pertain to the Act prior to revision.

280, 232 A.2d 73 (1967); *see also*, Blois v. Blois, 138 So.2d 373 (Fla.Dist.Ct.App. 1962), we believe that the court, in making this determination, had to inquire into matters incidental thereto.[3]

■ ■ The Uniform Reciprocal Enforcement of Support Act was designed to enable a dependent in one state to initiate proceedings in the state of her domicile for the purpose of securing money for support from a person residing in another state who is legally liable for the support of such dependent. Lambrou v. Berna, 154 Me. 352, 148 A.2d 697 (1959); Rymanowski v. Rymanowski, 249 A.2d 407 (R.I.1969). The remedies provided by this Act are in addition to and not in substitution for any other remedies. A.R.S. § 12–1653. Therefore, the doctrine of election of remedies did not operate to bar the plaintiff's separate maintenance action. Greggo v. Greggo, 41 Del.Ch. 289, 194 A.2d 58 (1963); Figliozzi v. Figliozzi, 173 A.2d 904 (D.C. Mun.Ct.1961). The only question is whether the reciprocal support order is binding upon the parties in this separate maintenance action. We are of the opinion that it is not.

■ The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action *in a court of competent jurisdiction,* and should not be permitted to litigate it again to the harassment and vexation of his opponent. Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449 (1943); Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 408 P.2d 849 (1965). We stated in Garrett v. Holmes Tuttle Broad-

way Ford, 5 Ariz.App. 388, 427 P.2d 369 (1967):

"No concept is more essential to the efficacy of the judicial process than that· of res judicata. If the judicial process is not to put an end to controversy, with finality, it has no purpose whatsoever. The doctrine, however, must not be extended so far as to deprive persons of their day in court or so rigidly as to defeat the ends of justice. [Citations omitted]" 5 Ariz.App. at 390, 427 P.2d at 371.

*See also*, Burrell v. Southern Pacific Company, 13 Ariz.App. 107, 474 P.2d 466 (1970).

■ Proceedings under the Uniform Reciprocal Enforcement of Support Act are purely statutory and the jurisdiction of the superior court, although it is a court of general jurisdiction, is circumscribed by the provisions of the Act which confers jurisdiction to determine support matters. State ex rel. Schwartz v. Buder, 315 S.W. 2d 867 (Mo.App.1958); cf. Vargas v. Greer, 60 Ariz. 110, 131 P.2d 818 (1942); Shattuck v. Shattuck, 67 Ariz. 122, 192 P. 2d 229 (1948); In re Estate of Jones, 10ᵗ Ariz.App. 480, 460 P.2d 16 (1969). Consequently, the superior court, when acting under the provisions of the Uniform Support Act, is not acting as a court of general jurisdiction.

■ When a court of limited jurisdiction determines a matter incidental to the exercise of its jurisdiction, and it would have no jurisdiction to directly determine the matter in an action brought expressly for such determination, the judgment is not conclusive in a subsequent action brought in a court of general jurisdiction.

---

3. A.R.S. § 12–1652(6) provides:
"6. 'Duty of support' includes any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise."
A.R.S. § 12–1657 provides:

"Duties of support applicable under this article are those imposed or imposable under the laws of· any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

*See,* Annot. 83 A.L.R.2d 977, and in particular § 11; 50 C.J.S. Judgments § 689 at p. 148.

The following cases are examples of application of this principle: Hickman v. Hickman, 10 Terry 568, 49 Del. 568, 121 A. 2d 689 (1956), preliminary determination as to validity of divorce decree in forcible detainer action brought by husband against wife did not preclude litigation of validity of decree in subsequent divorce action instituted by wife; Caldwell v. Caldwell, 298 N. Y. 146, 81 N.E.2d 60 (1948), determination in support proceeding that husband's Mexican divorce decree was a nullity did not preclude litigation of the decree's validity in wife's subsequent action for separation; Hertzberg v. Hertzberg, 46 N.Y.S.2d 453 (N.Y.Sup.Ct.1943), adjudication by Domestic Relations Court as to existence of marital status not binding in subsequent action for declaratory judgment to the contrary. *See also,* Brown v. Brown, 194 Misc. 975, 87 N.Y.S.2d 105 (1949); Meenan v. Meenan, 206 Misc. 793, 135 N.Y.S.2d 412 (1954); Graham v. Graham, 43 Misc.2d 89, 249 N. Y.S.2d 899 (1964).

We hold, therefore, that the superior court's determination in the support proceedings was not conclusive as to the separate maintenance action with respect to the marital status of the parties.

Furthermore, the granting of summary judgment cannot be sustained on the basis of laches. Whether a claim is barred by laches must be determined by the facts and circumstances of each case and lapse of time alone is not controlling. Day v. Wiswall's Estate, 93 Ariz. 400, 381 P.2d 217 (1963). We agree that laches may bar an attack on the validity of a divorce decree. Brandt v. Brandt, 76 Ariz. 154, 261 P.2d 978 (1953); Annot. 12 A.L. R.2d 153 § 7. Here, the only fact presented to the trial court was a lapse of more than 20 years from the time of entry of the divorce decree. This factor alone would not justify summary judgment.

Summary judgment in favor of the defendant as to plaintiff's claim for future support was therefore improper since material issues of fact were presented.

As to plaintiff's second and third claims for reimbursement for sums expended for her own support and that of the parties' son, the defendant's motion for summary judgment was predicated on the doctrine of res judicata, the statute of limitations, and that "there is no cause of action or liability for past support."

The defense of the statute of limitations may be raised by motion for summary judgment, see, Annot. 61 A.L.R. 2d 341, and also by motion to dismiss when it conclusively appears from the face of the complaint that the claim for relief is barred. Ross v. Ross, 96 Ariz. 249, 393 P. 2d 933 (1964); Drug, Cosmetic and Beauty Trades Service, Inc. v. McFate, 14 Ariz.App. 7, 480 P.2d 30 (filed Feb. 1, 1971); see, Annot. 61 A.L.R.2d 300. Although the defendant moved for summary judgment, in essence it was a motion for judgment on the pleadings as to the limitations bar since there was nothing before the trial court other than the pleadings. However, dismissal will not lie where the complaint, on its face, shows that only part of a claim is barred. Southwest Mines Development Co. v. Martignene, 49 Ariz. 88, 64 P.2d 1031 (1937). Nor is the complaint vulnerable to dismissal when it merely shows that the action might be barred. McMahon v. Republic Van & Storage Co., 59 Cal.2d 871, 31 Cal.Rptr. 603, 382 P.2d 875 (1963). Although the plaintiff's complaint here reflects that a part of her claims might be barred, she is entitled to prove matters such as the tolling of the statute which would render the appropriate limitations statute inapplicable. Cf. In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497 (1948); Bohmfalk v. Vaughan, 89 Ariz. 33, 357 P.2d 617 (1960).

We find, however, a more cogent reason for holding that summary judgment on the basis of the statute of limitations was improper. As a general rule, matters respecting statutes of limitations depend upon the law of the forum, in this case Ar-

**48**

izona. Ross v. Ross, supra; 53 C.J.S. Limitations of Actions § 27; Restatement, Conflicts of Law § 603; 51 Am.Jur.2d Limitation of Actions § 66. We do, by statute (A.R.S. § 12–506, subsec. A), commonly known as a "borrowing" statute, recognize the limitation laws of a foreign state under certain circumstances.[4]

■ ■ The statute of limitations is an affirmative defense, to be pleaded and proved by the one asserting it. Lakin Cattle Co. v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966). The defendant's answer merely contains a general allegation that the statute of limitations bars the plaintiff's claims for reimbursement. Such allegation is insufficient to raise the question of limitations. Dawson v. McNaney, 71 Ariz. 79, 223 P.2d 907 (1950). It is true that the motion for summary judgment set forth specific limitations statutes, neither of which is applicable to the claims asserted by the plaintiff and therefore the defense was again not properly interposed. Barr v. Petzhold, 77 Ariz. 399, 273 P.2d 161 (1954); Button v. Wakelin, 41 Ariz. 84, 15 P.2d 956 (1932); 54 C.J.S. Limitations of Actions § 361b.

Since material issues of fact exist, we must reverse the summary judgment. Phoenix Jewish Community Council v. Leon, 102 Ariz. 187, 427 P.2d 138 (1967).

Reversed and remanded for further proceedings not inconsistent herewith.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

Note: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

4. If plaintiff's action was barred under the New York limitations, Arizona would recognize this defense if properly raised. However, the pleadings indicate that the defendant removed himself from New York in 1947. Therefore it may well be that the New York statute of limitations has been tolled to date. McAvoy v. Harron, 26 A.D.2d 452, 275 N.Y.S.2d 348

(1966), aff'd. 21 N.Y.2d 821, 288 N.Y.S. 2d 906, 235 N.E.2d 910 (1968), reargument denied, 21 N.Y.2d 971, 290 N.Y.S. 2d 198, 237 N.E.2d 359 (1968); Chapin v. Posner, 299 N.Y. 31, 85 N.E.2d 172 (1949); CPLR § 207; C.P.A.1920 § 19, amended by Laws of 1928, c. 809, and Laws of 1943, c. 263; see, Note 24 N.Y. U.L.Q. 631 (1949).