QUESTIONS: 1. Does Florida have the power to enforce duties under the Uniform Reciprocal Enforcement of Support Law (Ch. 88, F.S.) if the initiating state fails to furnish exemplified copies of the proceedings in the initiating state? 2. What formalities, if any, are required by the initiating state to authenticate the papers forwarded?
SUMMARY: The Uniform Reciprocal Enforcment of Support Law (Ch. 88, F.S.) requires only that an initiating state furnish the responding state with copies of the complaint, the law, and the certification by the court of its findings as to the duty of support and jurisdiction. The copies of the complaint need not be certified. The certification by the court of its findings should comply with any requirements of the initiating state as to form and execution. When Florida is the responding state, proceedings under the Uniform Reciprocal Enforcement of Support Law are set in motion as provided in s. 88.181, F.S.: Duty of the court of this state as responding state. — When the court of this state, acting as a responding state, receives from the court of an initiating state the aforesaid copies, it shall docket the cause, notify the state attorney, whose duty it shall be to carry on the proceedings, set a time and place for a hearing, and take such action as is necessary in accordance with the laws of this state to obtain jurisdiction. The "copies" which must be received from an initiating state are those described in s. 88.141, F.S.: Duty of court of this state as initiating state. — If the court of this state acting as an initiating state finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, it shall so certify and shall cause three copies of the complaint, its certificate and this chapter to be transmitted to the court in the responding state. . . . There is no requirement in the statute that the three copies of the complaint be certified (or exemplified, should there be any practical distinction between the two terms). The complaint, however, must be accompanied by copies of the statute and of the certification by the court of the initiating state of its findings. These findings, of course, must be those prescribed in s. 88.141, F.S. The certified findings of the court of the initiating state are acceptable here as prima facie correct. See Clark v. Clark, 139 So.2d 195, 197 (2 D.C.A. Fla., 1962). Should these findings be contested by the respondent here, however, the state attorney might wish to introduce all or parts of the transcript of proceedings in the initiating state. In that event, of course, copies used as evidence would have to be authenticated as required by s. 92.10, F.S. As to the certification of findings by the court of the initiating state, the 1952 version of the Uniform Reciprocal Enforcement of Support Law — which was adopted by Florida — contained no provision regarding the formalities of form or execution of the certification. An amended version (1968) of the uniform law, however, inserted immediately after the certification requirement of what is s. 88.141, F.S. (quoted above): "Certification shall be in accordance with the requirements of the initiating state." Since several states have adopted this amended version of the Uniform Law and others undoubtedly will, any interpretation of the earlier version which is inconsistent with the amendment regarding certification would hardly contribute to a "uniform" application of the law. Therefore, to effectuate the legislative intent that this law be interpreted so as to be uniform with that of other jurisdictions (s. 88.311, F.S.), the certified findings of the court of the initiating state should comply with any form and execution requirements of that state.