21199

Dale WILSON, Sr., Respondent, v. Janet WILSON, Appellant.

(266 S. E. (2d) 65)

*Bruce L. Kaplan,* of *Palmetto Legal Services,* Columbia, *for appellant.*

*Dalton B. Floyd, Jr.,* of *Law Office of Dalton B. Floyd, Jr.,* Surfside Beach, *for respondent.*

April 16, 1980.

WALTER T. Cox, III, Acting Justice:

This is an appeal of a support award in a final divorce decree. We reverse in part, affirm in part and remand.

In 1966, the parties entered into a separation agreement in which respondent agreed to pay appellant Three Hundred ($300.00) Dollars per month for the support of their minor children. In 1973, respondent moved to South Carolina and made no further payments under the agreement. On April 20, 1978, appellant, a resident of New Jersey, initiated an action pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), Section 20-7-110, *et seq.,* South Carolina Code (1976) seeking child support. A consent order, establishing monthly support for a minor child was issued on August 1, 1978. A final divorce decree issued November 6, 1978, incorporated the August 1, URESA consent decree as resolving the question of support and maintenance for the wife and minor child. The trial court refused to hear appellant's evidence on the question of support ruling that the prior URESA order was conclusive as to this issue.

The South Carolina legislature adopted URESA to assist a custodial parent in obtaining child support from a legally obligated parent across the state lines. Section 20-7-120 of the Code of Laws of South Carolina (1976) states "the purposes of this article are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." URESA was not intended to create a separate means of determining the amount and scope of the obligation to support, but the act is intended to improve and extend enforcement.

Section 20-7-150 Code of Laws of South Carolina (1976) provides: "The remedies provided in this article are in addition to and not in substitution for

any other remedies." The uniform interpretation of this provision is that an award of support, obtained under URESA does not preclude a later action for support even though the award under the act is still effective. As stated in *Figliozzi v. Figliozzi* (D.C.Mun. App.) 173 A. 2d 904 (1961).

"the quoted language of the Act (identical to S. C. Code Section 20-7-150) clearly indicates that a recovery under the Reciprocal Enforcement of Support Act was not intended by Congress to be a bar to an action for maintenance and support under § 16-415. We find nothing in the Act or its legislative history justifying rejection of its clear and explicit language." See also *Olson v. Olson,* 534 S. W. 2d 526 (Mo. App. 1976); *Elsner v. Elsner,* 425 S. W. 2d 254, 256 (Mo. App. 1967); *Weller v. Weller,* 14 Ariz. App. 42, 480 P. 2d 379 (1971).

The trial judge erred when he concluded as a matter of law that he could not go behind the URESA order.

The second issue is whether the trial court erred in refusing to consider that respondent had an obligation to pay arrearage of support payments for his minor children for the period of July, 1973 to July, 1978.

Respondent contends that the URESA consent order was *res judicata* as to the arrearage question. The South Carolina version of URESA excludes from the general duty to support the duty to pay arrearages, a duty expressly included in the 1968 Model Act for URESA. 9 U.L.A. Section 2(b). This omission leaves the court without jurisdiction to determine questions of support arrearages under URESA unless the action involves arrearages under a previous URESA order. *Schlecht v. Schlecht,* 387 A. (2d) 575 (D. C. App. 1978). We hold that the URESA order in this case was not dispositive of the arrearage question.

However, we have repeatedly held that questions of arrearage for support payments pursuant to a separation agreement, not made part of a divorce decree, are questions of law. "Any obligation arising under the agreement would be a contractual obligation and would be enforceable only by resort to ordinary contract remedies." *Zwerling v. Zwerling,* 273 S. C. 292, 255 S. E. (2d) 850, 852 (1979). Therefore, the Family Court is without jurisdiction to decide the issue of arrearage. *Zwerling, supra,* 255 S. E. (2d) at 852; *McGrew v. McGrew,* S. C., 257 S. E. (2d) 743 (1979); *Fielden v. Fielden, S. C.,* 262 S. E. (2d) 43 (1980). The trial judge properly refused to consider this question.

This case is remanded for a determination as to appropriate support and maintenance for the minor child and appellant.

Reversed in part, affirmed in part and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.