HOBSON, Acting Chief Judge.
The state, ex relatione Orneta M. Quigley, appeals an order rendered in favor of James W. Quigley which dismissed Mrs. Quigley’s petition for enforcement of an alimony clause of an out-of-state divorce decree. We affirm because, in our view, a Florida circuit court lacks subject matter jurisdiction under the Uniform Reciprocal Enforcement of Support Act[1] (hereinafter “URESA”) to enforce an alimony provision of an out-of-state divorce judgment.
Mrs. Quigley, a resident of Wayne County, Michigan, filed a petition in the Wayne County Circuit Court to initiate support proceedings under the URESA against her former husband, Mr. Quigley, a resident of Lee County, Florida, in order to enforce a $50 a month permanent alimony provision of a final judgment of divorce which had been filed by the Michigan court several years earlier. The Michigan court issued an order which certified that Mrs. Quig-ley’s petition set forth facts from which it could be determined both that Mr. Quigley owed a duty of support and that the Lee County Circuit Court could obtain jurisdiction. Upon being served with the petition by the Lee County Circuit Court, Mr. Quig-ley submitted a motion to dismiss it, alleging that the URESA provides enforcement remedies for only child support, not alimony. After conducting a hearing on the matter, the Lee County Circuit Court rendered an order dismissing the petition with prejudice for lack of subject matter jurisdiction under the URESA.
The state, ex relatione Mrs. Quigley, contends on appeal that the history of the URESA, the language of the URESA, and interpretations of the URESA by courts in other states show that the court below had subject matter jurisdiction under the URE-SA to decide Mrs. Quigley’s request for enforcement of the alimony provision. Mr. Quigley counters by pointing out that the Florida Legislature revised the URESA in 1979 and stresses that, in so doing, it inserted section 88.012, entitled “Legislative Intent.” He submits that the wording of section 88.012 is “extremely important” to this appeal because he is of the belief that it evidences the legislature’s intent to limit the scope of the word “support,” which is found in numerous subsequent sections of the URESA, to support for unemancipated minor children, not a former spouse. The state replies that the recent decision by our sister court in Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983), directly resolves the issue at bar. In Helmick, notwithstanding the language of the recently inserted section 88.012, the Fifth District Court of Appeal interpreted the URESA as applying to support for a former spouse, as well as dependent minor children.
We agree with Mr. Quigley’s position and therefore respectfully disagree with our sister court’s holding in Helmick. The polestar for all statutory construction is legislative intent. See, e.g., Parker v. State, 406 So.2d 1089, 1092 (Fla.1982); State v. Webb, 398 So.2d 820, 824 (Fla.1981). Legislative intent is determined primarily from the language of the statute. See, e.g., St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla.1982); S.R.G. Corp. v. Department of Revenue, 365 So.2d 687, 689 (Fla.1978). The legislative intent with regard to the URESA is manifested by section 88.012. Contrary to our sister court’s statement in Helmick that section 88.012 makes merely a “passing reference to child support only,” 436 So.2d at 1123, this section in fact plainly says several times that the URESA shall apply to enforcement of foreign child support judgments. This section not once remarks that the URESA shall also apply to alimony provisions of foreign divorce decrees.
Section 88.012 reads in its entirety:
Common-law and statutory procedures governing the remedies for the establishment and enforcement of orders of support for children by responsible parents under the Uniform Reciprocal Enforcement of Support Act have not proven *1176 sufficiently effective or efficient to cope with the increasing incidence of establishing and collecting child-support obligations when the petitioner and respondent reside in different states. The state, therefore, exercising its police and sovereign powers, declares that the common-law and statutory remedies pertaining to family desertion and non-support of dependent children shall be augmented by the additional remedies directed to the resources of the responsible parents as mandated by the Florida IV-D program in chapter 409. In order to render resources more immediately available to satisfy child-support orders, it is the legislative intent that the remedies provided herein shall be in addition to, and not in lieu of, existing remedies. It is declared to be the public policy of this state that this act shall be construed and administered to the end that the children residing in this or some other state shall be maintained from the resources of responsible parents, whether the responsible parents live in this or some other state, thereby relieving, at least in part, the burden borne by the custodial parent or the general citizenry through public assistance programs.
(Emphasis added.)
Mr. Quigley’s argument that section 88.012 reveals that the Florida Legislature intended for the URESA to apply only to support for dependent minor children, but not to alimony for a former spouse, is buttressed by a recognition that, before section 88.012 was inserted into the URE-SA by the revisions of 1979, the URESA was held to apply to child support and alimony. See Thompson v. Thompson, 93 So.2d 90, 93 (Fla.1957); Cox v. State, 180 So.2d 467, 470 (Fla. 2d DCA 1965); Clark v. Clark, 139 So.2d 195, 197 (Fla. 2d DCA 1962); 1977 Op.Att’y Gen. Fla. 077-77 (July 26, 1977). The legislature is presumed to be cognizant of the judicial construction of a statute when contemplating making changes in the statute. See Seddon v. Harpster, 403 So.2d 409, 411 (Fla.1981). Thus, it is presumed that when the legislature effectuates changes in the statute, it intends to accord the statute a meaning different from that accorded it before the changes were made. See, e.g., Seddon; Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968). Given the aforementioned construction of the URESA prior to the insertion of section 88.012 in 1979, it is logical to conclude that the legislature’s reason for injecting section 88.012 was to evince its disapproval of that construction.
The state, noting that “alimony” is a type of “support,” see Black’s Law Dictionary, Rev. 4th Ed. (1968), points to several portions of the URESA which speak solely in terms of “support,” see sections 88.031(3), (9) and (19), and reasons that the URESA applies to alimony. However, the various parts of a statute should be construed consistently with one another in order to harmonize all of its portions. See, e.g., State ex rel. City of Casselberry v. Mager, 356 So.2d 267, 269, n. 5 (Fla.1978); Vocelle v. Knight Brothers Papers Co., Inc., 118 So.2d 664 (Fla. 1st DCA 1960). Reading the word “support” in subsequent sections of the URESA in pari materia with section 88.012, which the state has not done, the term “support” means only “child support.”
Because Florida law controls in this case, see section 88.081, it is not of importance how other courts construe out-of-state versions of the URESA. In any event, even though several out-of-state cases have either held or intimated that the obligor is responsible under the URESA for alimony as well as child support, see O’Neill v. O’Neill, 420 So.2d 261 (Ala.Civ.App.), aff'd 420 So.2d 264 (Ala.1982); Davidson v. Davidson, 66 Wash.2d 780, 405 P.2d 261 (1965); Weller v. Weller, 14 Ariz.App. 42, 480 P.2d 379 (Ariz.Ct.App.1971); Government of the Virgin Islands v. Lorillard, 358 F.2d 172 (3d Cir.1966), it should be noted as well that various other states have either held or expressly provided that the URESA does not apply to alimony, see, e.g., Parker v. Parker, 593 S.W.2d 857 (Tex.Civ.App.1980); Idaho Code, § 7-1049(f) (1981).
*1177 Accordingly, we affirm the order granting Mr. Quigley’s motion to dismiss Mrs. Quigley’s petition with prejudice for lack of subject matter jurisdiction under the URE-SA.
AFFIRMED.
RYDER and CAMPBELL, JJ., concur.

. See §§ 88.011-88.371, Fla.Stat. (1981).