22504

NEW HANOVER COUNTY DEPARTMENT OF SOCIAL SERVICES, ex rel. Judy G. GORE, Mother, and Charlie, Matthew, Christopher and Ruby Graham, Respondent v. Charlie Wayne GRAHAM, Appellant.

(341 S. E. (2d) 631)

Supreme Court

*Nancy M. Young* and *Patrick J. Frawley*, of *Bouknight, Nicholson, Davis & Young*, Lexington, *for appellant.*

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Nan L. Black,* and *Asst. Atty. Gen. S. Belinda Ellison,* Columbia, *for respondent.*

Submitted Feb. 26, 1986.

Decided March 18, 1986.

CHANDLER, Justice:

This case involves the authority of the Family Court to order reimbursement of past public expenditures under the Uniform Reciprocal Enforcement of Support Act (URESA). The Family Court held it has jurisdiction.

We affirm.

## FACTS

In November, 1979, Charlie Wayne Graham (Graham) left his wife and four minor children in Wilmington, North Carolina. Thereafter, the New Hanover County, North Carolina, Department of Social Services (N. C. DSS) provided public assistance payments to support Graham's family.

Graham was located in Lexington County, South Carolina, in 1983. In May of that year, N. C. DSS brought a URESA proceeding in South Carolina Family Court to compel Graham to make support payments for his children. Graham then consented to pay support in the amount of $35 per week.

Thereafter, N. C. DSS brought *this action* under URESA seeking reimbursement of $7,754.91 of past public assistance. Graham demurred[1] to the complaint on the ground that the Family Court lacked jurisdiction, under the version of URESA then in effect, to determine questions of reimbursement. The Family Court overruled the demurrer.

## ISSUE

The single issue is whether the Family Court had jurisdiction, under the version of URESA in effect at the time this action was commenced, to order reimbursement of past public assistance.

## JURISDICTION TO ORDER REIMBURSEMENT

We held in *Wilson v. Wilson*, 274 S. C. 516, 266 S. E. (2d) 65 (1980) that the Family Court was without jurisdiction to determine questions of support *arrearages* under URESA unless the action involved arrearages under a previous URESA order.

The thrust of Graham's argument is that the terms "arrearage" and "past public assistance" are synonymous. We find it unnecessary to decide this question.

The version of URESA in effect when *Wilson* was decided in 1980 did not provide for recovery of either arrearages or

---

[1] South Carolina's former pleading rules regarding demurrers found in S. C. Code Ann. § 15-13-310 *et seq.* (1976) were in effect at all relevant times here, but were repealed in July, 1985. S.C.R.Civ.P. 12(b) now provides that the sufficiency of a complaint may be challenged by motion.

reimbursements. In 1981, however, URESA was amended substantially.[2]

As part of the 1981 amendments, S. C. Code Ann. § 20-7-1060 (Cum. Supp. 1984)[3] provides:

> Whenever the State or a political subdivision thereof furnishes support to an obligee, it has the same right to invoke the provisions of this subarticle as the obligee to whom the support was furnished *for the purpose of securing reimbursement of expenditures so made* and of obtaining continuing support. [Emphasis supplied.]

Thus, under the revised URESA, a sister state may seek not only *continuing support,* but *reimbursement* of support expenditures as well.[4]

The Family Court had jurisdiction to determine this question and properly overruled Graham's demurrer.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.

---

[2] 1981 Act No. 71, § 1.

[3] URESA was again amended in 1984 by Act No. 356, § 1. Section 20-7-1060, cited above, now appears, as modified, as S. C. Code Ann. § 20-7-1000 (Cum. Supp. 1985).

[4] While not relevant to the determination of this case, we note that S. C. Code Ann. § 20-7-1005 (Cum. Supp. 1985), part of the 1984 amendments, specifically provides for determination of arrearages. Thus, *Wilson, supra,* has been overruled.